UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

KENNETH C. BURNHAM,

                Plaintiff,

v.

RAE LEE CHABOT,

                Defendant.
───────────────────────────────

Case # 21-CV-6297-FPG

DECISION AND ORDER

## INTRODUCTION

On April 5, 2021, Plaintiff Kenneth Burnham ("Burnham") filed this action under 42 U.S.C. § 1983 against Defendant Rae Lee Chabot, a judicial officer in Oakland County Circuit Court in Oakland, Michigan ("Judge Chabot"). Burnham alleges, *inter alia*, that Judge Chabot violated his Fifth Amendment right to due process under the United States Constitution by improperly exercising personal jurisdiction over Burnham. ECF No. 1 ¶ 34. Burnham seeks a judgment "striking the state judgment as constitutionally violative or in the alternative enjoining the enforcement of the Michigan state judgment outside the State of Michigan, or in the State of New York." ECF No. 1 at 6.

On September 9, 2021, the Court issued an Order, ECF No. 20, directing Burnham to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Burnham responded, ECF No. 21, and Judge Chabot replied, ECF No. 22. For the reasons set forth below, this matter is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. As a result, the pending motions in this matter, ECF Nos. 11, 12, 17, 18, 19, 21, are DENIED AS

MOOT. Burnham's request for leave to amend is DENIED. The Clerk of Court is directed to enter judgment and close this case.

## BACKGROUND[1]

In April 2012, Key Bank, N.A. ("KeyBank") sued Burnham and twenty other defendants in Oakland County Circuit Court in the State of Michigan.[2] ECF No. 1 ¶ 7. On or around May 14, 2012, Burnham, a New York resident, filed a *pro se* motion to dismiss the Michigan State Court Action "for failed service of process of an out-of-state resident." *Id.* ¶ 8. In that motion, Burnham argued that "that he was never personally served with the summons, nor served in accordance with statute MCR 2.105(A), or any other Michigan Statute." *Id.* ¶ 9. After Burnham filed that motion, "KeyBank's process server filed an amended affidavit of service." *Id.* ¶ 10. In response, Burnham filed a "Motion to Strike or Declare Invalid KeyBank's Amended Affidavit of Service." ECF No. 1 ¶ 12.

Burnham alleges that he was not properly served by KeyBank in the Michigan State Court Action because "[n]o summons and copy of the complaint was sent to Burnham via registered or certified mail, with a return receipt requested, with delivery restricted to Burnham." *Id.* ¶ 12. He also alleges that he "did not acknowledge receipt of the mailing and no copy of the return receipt signed by [him] was attached to the affidavit of service." *Id.* This alleged defect in service "was never, and still has not been, cured at any time subsequent to the filing of [Burnham's] motion" in the Michigan State Court Action. *Id.* ¶ 14. Burnham further alleges that KeyBank's process

---

[1] The following facts are drawn from Plaintiff's Complaint, ECF No. 1, and are accepted as true for the purpose of this Decision and Order.

[2] According to Burnham's Complaint, that case was captioned as *Key Bank National Association v. Lake Villa Oxford Associates, LLC and Kenneth Burnham, et al.*, Case # 2012-126588-CK. ECF No. 1 ¶7. For ease of reference the Court will refer to it as the "Michigan State Court Action."

servers in New York State "filed false affidavits" and "improperly forged certificates of service and fabricated at least one certificate of service." *Id.* ¶ 15.

While Burnham's motion to dismiss based on failed service of process was still pending, "the trial court issued a discovery and scheduling order that forced Burnham to defend himself while he waited for a hearing or ruling on his pending motion regarding fraud allegations and jurisdictional objections."[3] ECF No. 1 ¶ 17. The summons issued by KeyBank for Burnham expired 91 days after it was issued in April 2012, and Burnham "was forced to obtain counsel in October 2012, even after the summons expired." *Id.* ¶ 18. After obtaining counsel, Burnham subsequently filed a counterclaim against KeyBank. *Id.* While Burnham's motion regarding improper service was still pending, "[KeyBank] and Burnham executed a settlement that ended the case-in-chief." *Id.* ¶ 19.

In February 2013, Homestead Properties, LLP ("Homestead") filed a cross-claim against Burnham.[4] *Id.* ¶ 20. Homestead did not "attempt[ ] any service of process admittedly relying on the failed process of service of KeyBank." ECF No. 1 ¶ 20. Burnham filed a cross-claim against Homestead in response to the Homestead Claim. *Id.* ¶ 21. At the time Burnham filed that cross-claim, his jurisdictional motion based on improper service "had still not been ruled on." *Id.* ¶ 22.

In May 2014, Homestead and Burnham went to trial. *Id.* ¶ 23. Burnham prevailed and judgment was entered in his favor in October 2014. *Id.* ¶ 24. Homestead appealed and, in March 2018, the Michigan Court of Appeals reversed the trial court's denial of summary judgment and remanded the case. ECF No. 1 ¶ 26. After that remand, Burnham "again challenged the entry of

---

[3] It is unclear whether Judge Chabot issued this discovery and scheduling order, though the Court assumes this to be the case for purposes of this Decision and Order.

[4] The Court understands Homestead to be a co-defendant in the Michigan State Court Action filed by Key Bank against Burnham and twenty other defendants. The Court will refer to Homestead's cross-claim against Burnham as the "Homestead Claim."

3

judgment against him based on a lack of jurisdiction and failure of service of process." *Id.* He alleges that he "was forced to take protective action by asserting his timely claims and defenses while preserving his jurisdictional objection." *Id.* ¶ 27. He further alleges that he "provided the trial court with specific allegations relating to the material facts showing fraud upon the court." *Id.* ¶ 28.

The trial court denied Burnham's motion "summarily, without an evidentiary hearing," and "exercised personal jurisdiction over Burnham, the out-of-state party." *Id.* ¶ 29. Burnham appealed that decision to the Michigan Supreme Court in July 2020. ECF No. 1 ¶ 30. The Michigan Supreme Court denied leave to appeal in January 2021. *Id.* Burnham alleges that he "never waived his objection to jurisdiction and the Michigan court never had constitutional in personam jurisdiction over Burnham." *Id.* ¶ 32.

Based on the above allegations, Burnham asserts that Judge Chabot: (1) "violated the US Constitution in the manner in which [the court] exercised personal jurisdiction over the out-of-state defendant Burnham, *id.* ¶ 31; (2) "violated [his] 5th Amendment Constitutional Due Process rights by improperly invoking personal jurisdiction over an out-of-state resident and failing to hold an evidentiary hearing on the allegations and evidence of fraudulent process of service prior to ruling on [Burnham's] objections and entering judgment," *id.* ¶ 34; and (3) "deprived [Burnham] of property and suffered an unconstitutional verdict against him far in excess of the amount of loan at issue" in the Michigan State Court Action, ECF No. 1 ¶ 35.

With respect to relief, Burnham "demands judgment in this matter in the form of striking the state judgment as constitutionally violative or in the alternative enjoining the enforcement of the Michigan state judgment outside the State of Michigan, or in the State of New York." *Id.* at 6.

**DISCUSSION**

I.     **Legal Standards**

   A.  **Subject Matter Jurisdiction**

A federal district court is one "of limited jurisdiction, whose powers are confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). The Second Circuit and the Supreme Court have "noted the existence of an 'inflexible' rule that 'without exception' requires federal courts, on their own motion, to determine if jurisdiction is lacking." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Thus, courts may raise the issue shortly after a complaint is filed if subject matter jurisdiction appears to be lacking. *See Bd. of Educ. of the Deer Park Union Free Sch. Dist. v. Ryan*, No. 14-CV-1925(JS)(ARL), 2014 WL 12782726, at *1 (E.D.N.Y. Apr. 9, 2014) (order to show cause issued 14 days after complaint was filed). "[T]he Court's obligation to ensure it has subject matter jurisdiction always exists, even on a motion for default judgment, because federal courts lack the power to disregard their limited jurisdiction." *Double Green Produce, Inc. v. Forum Supermarket Inc.*, No. 18-CV-2660-MKB-SJB, 2019 WL 1387538, at *6 (E.D.N.Y. Jan. 29, 2019) (alterations, citations, and internal quotation marks omitted).

   B.  *Rooker-Feldman*

"When a federal suit follows a state suit, the former may, under certain circumstances, be prohibited by what has become known as the *Rooker-Feldman* doctrine." *Sowell v. Tinley*

*Renehan & Dost, LLP*, 807 F. App'x 115, 118 (2d Cir. 2020) (summary order) (citation omitted). *Rooker-Feldman* "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Id.* (citation omitted). Accordingly, "[t]he appropriate recourse for litigants who believe a state court judgment is flawed for reasons raising federal questions is to seek review in the U.S. Supreme Court." *Id.* (citation & internal quotation marks omitted).

In the Second Circuit, four requirements must be met for a court to be deprived of subject matter jurisdiction under *Rooker-Feldman*: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Sung Cho v. City of New York*, 910 F.3d 639, 645 (2d Cir. 2018) (summary order) (citing *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)).

**II.   Application**

**A.   *Rooker-Feldman***

Here, the Court concludes that it lacks subject matter jurisdiction over Burnham's suit because the four *Rooker-Feldman* factors are satisfied.

**1.   Whether Burnham Lost in State Court**

First, the requirement that the plaintiff lost in state court is clearly met, and Burnham does not argue otherwise. Though Burnham initially prevailed at trial, the Michigan Court of Appeals reversed the trial court's denial of Homestead's motion for summary judgment and remanded the case. ECF No. 1 ¶ 26; ECF No. 21-1 at 4. After the case was remanded, Burnham "again challenged the entry of judgment against him based on a lack of jurisdiction and failure of service

of process." ECF No. 1 ¶ 26. The trial court denied that motion and Burnham appealed that decision to the Michigan Supreme Court, which denied leave to appeal. *Id.* ¶¶ 29-30. Furthermore, Burnham alleges that he "suffered an unconstitutional verdict against him," further demonstrating that he lost in state court. ECF No. 1 ¶ 35. Based on these facts, the Court finds that the first *Rooker-Feldman* factor is satisfied.

### 2. Whether Burnham Complains of an Injury Caused by the State-Court Judgment

The second requirement—whether a plaintiff complains of an injury caused by a state-court judgment—is the "core requirement from which the other *Rooker-Feldman* requirements derive." *Sung Cho*, 910 F.3d at 646 (quoting *Hoblock*, 422 F.3d at 87) (alterations omitted). Burnham advances several arguments in support of the conclusion that his injury was not caused by the state-court judgment.

First, Burnham argues that his claim is separate from the state-court judgment because he is challenging Judge Chabot's and the state court's exercise of personal jurisdiction over him. ECF No. 21-1 at 6, 10, 11-12. It is Burnham's position that "[a] federal district court has subject-matter jurisdiction to entertain an independent action that seeks to upset a prior state-court judgment for lack of jurisdiction." ECF No. 21-1 at 10. The Court disagrees. "[N]o exception to the *Rooker/Feldman* doctrine exists when there is a challenge to the state court's personal jurisdiction or subject matter jurisdiction." *Callahan v. Callahan*, No. 1:10–CV–141, 2011 WL 2005388, at *5 (D. Vt. May 23, 2011) (citations omitted). Therefore, Burnham casting his Complaint as a challenge to the state court's jurisdiction over him does not circumvent the strictures of *Rooker-Feldman*.

Next, Burnham argues that his "claim is not regarding the *judgment*" in the state court case. ECF No. 21-1 at 4 (emphasis in original). Rather, he argues, his injury flows from "the

7

independent *fraudulent* acts, including *forgery*, of [KeyBank's] process servers who unconstitutionally made the out-of-state New York defendant subject to the jurisdiction of the Michigan state court." *Id.* (emphasis in original). He further argues that these "[a]llegations of fraud and forgery do not reflect upon the judgment of a contract term found by the state appellate court to favor [KeyBank]." *Id.* at 12.

Burnham is correct that where an alleged injury is independent and "was simply ratified, acquiesced in, or left unpunished by the state court judgment," *Rooker-Feldman* does not apply. *See Sung Cho*, 910 F.3d at 645 (citations, internal quotations, & alterations omitted). However, Burnham's Complaint here alleges that Judge Chabot, a judicial officer, committed error in her state court rulings on Burnham's motions regarding personal jurisdiction. He further argues that Judge Chabot should have held an evidentiary hearing on alleged fraudulent service of process. Burnham's Complaint names no other defendants. Accordingly, this case "involve[s] alleged judicial misconduct and/or name[s] [a] judge[ ] as defendant[ ]," and "function[s] as a *de facto* appeal." *See id.* at 647. It is therefore "easily distinguishable" from cases where plaintiffs bring claims alleging harm flowing from independent conduct "and do not argue that the state courts committed any error in so-ordering [that conduct]." *Id.*

The issues Burnham seeks to resolve in this lawsuit are "inextricably intertwined" with Judge Chabot's determinations in state court. Burnham's assertions that his claims flow from fraudulent conduct at the time of service of process are belied by the allegations in his Complaint, the relief he requests, and the party he names as the Defendant. Therefore, he cannot evade *Rooker-Feldman* based on an alleged independent injury. *See Gonzalez v. Ocwen Home Loan Servicing*, 74 F.Supp.3d 504, 513 (D. Conn. 2015) ("Even where a plaintiff alleges that a state court judgment was procured by fraud, *Rooker–Feldman* will divest the federal court of

8

jurisdiction."); *Value Manufactured Homes, LLC v. Key Bank*, 919 F. Supp. 2d 303, 307 (W.D.N.Y. 2013) ("[I]nferior federal courts have no subject matter jurisdiction over suits . . . that seek to resolve issues that are 'inextricably intertwined' with earlier state court determinations."); *Koziel v. City Court of Yonkers*, 351 F. App'x 470, 471 (2d Cir. 2009) (summary order) ("Insofar as Appellant seeks to challenge the state procedures for appealing a decision as violating his due process rights, that claim is inextricably intertwined with the judgment of the state court."); *Mackenzie v. Donovan*, 375 F. Supp. 2d 312, 320 (S.D.N.Y. 2005) ("Plaintiff's claims are 'inextricably intertwined' with the state court action because granting plaintiff his requested relief would effectively declare the state court order invalid, which this Court is not permitted to do.").

Finally, Burnham argues that the present action is a challenge to the state court's failure to provide "a minimal due process evidentiary hearing" on the alleged fraudulent service of process and a challenge to "the rule that allows the Michigan state courts to ignore fraudulent service of process." *Id.* at 5. But masquerading as a federal constitutional challenge cannot save what is, at bottom, an attack on a state-court judgment. "[A] plaintiff cannot evade *Rooker-Feldman* by casting his claim in the guise of a federal civil rights violation." *Kashelkar v. MacCartney*, 79 F. Supp. 2d 370, 373 (S.D.N.Y. 1999), *aff'd*, 234 F.3d 1262 (2d Cir. 2000). Indeed, "[d]istrict couts lack jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings *even if those challenges allege that the state court's action was unconstitutional*." *Jordan v. Levine*, 536 F. App'x 158, 159 (2d Cir. 2013) (summary order) (emphasis in original) (citation omitted); *see also Mareno v. Dime Sav. Bank of New York*, 421 F. Supp. 2d 722, 726 (S.D.N.Y. 2006) ("*Rooker–Feldman* thus bars lower federal courts from hearing challenges to the substance of state-court decisions more properly raised on appeal, even where such challenges facially raise questions of federal law (such as a federal due process challenge to a state-court

judgment).")."A state court . . . is perfectly well-qualified to decide whether service of process has passed constitutional muster" and "it would be inappropriate for a federal court to second-guess the constitutional judgments of state courts." *Schmitt v. Schmitt*, 165 F. Supp. 2d 789, 797-98 (N.D. Ill. 2001).[5]

### 3. Whether Burnham Invites District Court Review of the State-Court Judgment

The Court next considers the third requirement—whether the plaintiff invites district court review and rejection of the state-court judgment. Burnham's Complaint asks the Court to strike the state-court judgment "as constitutionally violative" or to enjoin enforcement of that judgment outside the State of Michigan, or in the State of New York. ECF No. 1 at 6. Indeed, Burnham's brief states that "*enforcement* of the state judgment should be cancelled and the judgment adjudged void" and that he "has not yet requested compensatory damages." ECF No. 21-1 at 24 (emphasis in original). Accordingly, "there is no question that the purpose of this lawsuit is to undo the [state-court judgment]." *Wolf v. Town of Southampton*, No. 12–CV–05166, 2013 WL 4679672, at *5 (E.D.N.Y. Aug. 30, 2013). Therefore, all of the requirements of the *Rooker-Feldman* doctrine are met with respect to Burnham's Complaint and the Court lacks subject matter jurisdiction over this action.

### 4. Whether the State-Court Judgment was Rendered before Burnham Commenced this Proceeding

Finally, the Court turns to the fourth requirement—that the state-court judgment must have been rendered before the district court proceedings commenced. This requirement is clearly satisfied, as there is no question that the Michigan State Court Action concluded with the Michigan

---

[5] Burnham's attempt to frame his case as a challenge to a Michigan State Court "rule" does not change the result, because his "claims allege an injury traceable not to [any rule] itself, but to the courts' application of the rule to plaintiffs' particular state case and thus cannot be contested in federal court." *Sowell v. Tinley Renehan & Dos, LLP*, 807 F. App'x 115, 119 (2d Cir. 2020) (summary order).

Supreme Court's denial of Burnham's request for leave to appeal in January 2021, which was prior to Burnham commencing this action in April 2021. *See* ECF No. 1 ¶ 30. Burnham raises no argument to the contrary.

### B. Leave to Amend

Burnham requests leave to amend the Complaint in the event the Court finds that it lacks jurisdiction. He also requests that any dismissal of the claims in the Complaint be without prejudice. ECF No. 21-1 at 21 n2. The Court denies Burnham's request for leave to amend but dismisses his claims without prejudice.

"The *Rooker-Feldman* doctrine precludes district court review as a matter of subject matter jurisdiction." *Fraccola v. Grow*, 670 F. App'x 34, 35 (2d Cir. 2016) (summary order) (underline omitted; italics added) (citing *Mitchell v. Fishbein*, 377 F.3d 157, 165 (2d Cir. 2004)). "When a court lacks subject matter jurisdiction, it lacks the power to dismiss with prejudice." *Id.* (vacating the district court's dismissal with prejudice and remanding with instructions to enter an order of dismissal without prejudice) (citation omitted). Accordingly, the Court's dismissal of Burnham's claims is without prejudice.

As for leave to amend the Complaint, Burnham states the following: "Plaintiff notes that the Complaint could utilize some amendment under Rule 15(a)(1)(B) but since the Motion to Strike (failure to timely file Response) is still pending, once this Court accepts jurisdiction, the failure to respond is consequential to the Defendant." ECF No. 21-1 at 21 n.2. Local Rule of Civil Procedure 15(a) states, in pertinent part, that "[a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects." L.R. Civ. P. 15(a). Here, Burnham has failed to comply with Local Rule

of Civil Procedure 15(a) in requesting leave to amend and has presented the Court with no reason to believe that amendment would cure any defect. Therefore, leave to amend is DENIED. *See Wi3, Inc. v. Actiontec Elecs., Inc.*, 71 F. Supp. 3d 358, 363 (W.D.N.Y. 2014).

## CONCLUSION

For the foregoing reasons, Burnham's Complaint is DISMISSED WITHOUT PREJUDICE. Burnham's request for leave to amend the Complaint is DENIED. The pending motions in this matter, ECF Nos. 11, 12, 17, 18, 19, 21, are DENIED AS MOOT. The Clerk of Court shall enter judgment in Judge Chabot's favor and close this case.

IT IS SO ORDERED.

Dated: October 4, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York